Joann PRECHTEL, et al., Respondents,

v.

Donald Irving GONSE, et al.,
Appellants.

No. CX–86–391.

Court of Appeals of Minnesota.

Nov. 25, 1986.

David G. Martin, Doherty, Rumble & Butler, St. Paul, for respondents.

Lindsay G. Arthur, Jr., Katherine L. MacKinnon, Arthur, Chapman, Michaelson & McDonough, P.A., Minneapolis, for appellants.

Heard, considered and decided by CRIPPEN, P.J., and LANSING and LESLIE, JJ.

## OPINION

LESLIE, Judge.

Donald Irving Gonse, LM Leasing, Inc. and Household Merchandising, Inc. appeal from an order denying their motion for a new trial following a jury trial in a personal injury action. Appellants admitted liability, but defended the action on the issue of damages. The jury awarded $156,000 to respondent Joann Prechtel, $30,000 to John Prechtel, and an additional $738.38 to the Prechtels for property damage. Appellants contend the trial court erred in receiving statements from a treatise through expert testimony and in admitting testimony from an undisclosed witness. Appellants claim that the improperly admitted testimony of these two witnesses was prejudicial and that for this reason the trial court erred in denying their motion for new trial. We affirm.

## FACTS

On October 27, 1981 respondent Joann Prechtel stopped her automobile at an intersection in Grand Rapids. Appellant Donald Gonse, driving a semi-tractor trailer, hit the stationary car as he turned the corner. Joann Prechtel sustained substantial permanent injuries from the collision. She and her husband John commenced an action against Gonse on May 24, 1984. The action also named LM Leasing, Inc. d/b/a Leaseway Transportation Company and Household Merchandising, Inc. d/b/a Ben Franklin Stores as defendants, alleging liability by virtue of respondeat superior. Appellants admitted liability, but defended on the issue of damages.

At trial respondents presented the videotaped deposition testimony of Dr. Karl Egge over the objection of appellants. Dr. Egge, an economist, offered his opinion that a married woman between the ages of 40 and 54 who is employed outside the home and has a child approximately 16 years of age provides approximately $8,000 worth of services to the family per year. He based his opinion on a study by Gauger and Walker entitled "The Dollar Value of Household Work." Appellants claimed that there was insufficient foundation for the study and that it was inaccurate because it was not geographically localized.

Respondents also introduced the testimony of Debra Nelson, who was a classmate of Joann Prechtel in the Itasca Community College licensed practical nursing program. Nelson graduated with Joann Prechtel and

had recently found a position in her field at a state nursing home in northern Minnesota. She testified that she earned $9.91 per hour and described her employee benefits and the duties required of her.

At trial appellants argued that the testimony of Nelson was irrelevant and immaterial. They claimed that Nelson's salary was significantly higher than the salaries that would have been available to Joann Prechtel in her area and circumstances. Additionally, although no such objection was raised at trial, appellants argued in a post-trial motion that Nelson was an undisclosed witness.

The jury returned a special verdict awarding $156,700 to Joann Prechtel for her injuries, $30,000 to John Prechtel for his derivative claims, and an additional $738.38 to the Prechtels for property damage. Judgment was entered in these amounts and appellants filed motions for new trial and remittitur. The trial court denied both motions and this appeal followed.

Appellants cite the admission of statements from the treatise and the nurse's testimony as trial court error and grounds for a new trial. Respondents request attorney fees and double costs on appeal on the grounds that appellants bring this appeal solely for delay.

## ISSUES

1. Did the trial court err in its evidentiary rulings?

2. Are respondents entitled to damages and double costs for delay pursuant to Minn.R.Civ.App.P. 138?

## ANALYSIS

1. DR. EGGE'S TREATISE TESTIMONY.

Appellants contend that the trial court erred in admitting a statement from a treatise through expert testimony. Appellants contend that there was insufficient foundation for the expert's opinion. Specifically, they argue that the expert did not provide any background, age or date of the study, the qualifications of the study's authors and whether the study had been verified. Appellants also claim that the testimony itself was faulty because it was not geographically localized.

■ The trial court has discretion to rule on evidentiary matters including foundation and relevancy, and its decisions will not be reversed absent a clear abuse of discretion. *Regents of University of Minnesota v. Medical, Inc.*, 382 N.W.2d 201, 208 (Minn.Ct.App.1986). Any alleged deficiencies in the factual basis go more to the weight of the expert's testimony than to its admissibility. *McPherson v. Buege*, 360 N.W.2d 344, 348 (Minn.Ct.App.1984). Moreover, Minn.R.Evid. 703 provides that facts or data used by an expert to reach an opinion need not be admissible in evidence if the facts or data are "of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject."

■ Before giving his opinion of the reasonable value of household services, Dr. Egge testified that the treatise was a highly recognized work. Appellants were free to dispute this. Indeed, the trial court instructed the jury to consider the sources of the expert's testimony, the expert's education, training and experience and other factors in deciding the issue of the value of services.

Furthermore, the amount of damages awarded for loss of household services is presumably only a portion of the $30,000 awarded. The jury was allowed to award damages to John Prechtel for loss of consortium, loss of care, comfort and society, and the value of his care and nursing services to Joann Prechtel in addition to the loss of household services. The trial court reasoned that the jury award of $30,000 to John Prechtel is within an acceptable range. Dr. Egge's testimony and the weight given to the treatise were for the trier of fact to consider. It was within the trial court's discretion whether to receive this testimony. The trial court did not abuse its discretion.

## 2. UNDISCLOSED WITNESS TESTI-MONY.

Appellants claim that the existence of witness Debra Nelson was not disclosed to them prior to trial. Respondents counter that they orally gave proper notice of this witness two weeks prior to trial. Appellants failed to object to the use of this witness until after she was asked to state her present salary. Only then did appellants object, and they failed to request a continuance or to cross-examine Nelson.

The trial court has a duty to suppress undisclosed evidence where counsel's dereliction is inexcusable and results in disadvantage to his opponent. *Krech v. Erdman*, 305 Minn. 215, 218, 233 N.W.2d 555, 557 (1975). In situations where the failure to disclose a witness is inadvertent but harmful, the court should be quick to grant a continuance and assess costs against the party at fault. *Id.* However, where a party does not seek a continuance upon learning of the testimony, a trial court is justified in finding no prejudice attributable to the lack of notice. *Id.* Because appellants failed to request such a continuance the trial court properly determined that appellants were not prejudiced by Nelson's testimony.

Appellants also contend that Nelson's testimony as to what she earns in her occupation is irrelevant and cannot be used to prove what Joann Prechtel may have earned in that capacity. The trial court found that, because Nelson attended school with Prechtel, they took their licensing exams together and were licensed at the same time, the testimony regarding salary was relevant. We hold that the trial court did not abuse its discretion in finding this testimony relevant.

## 3. DAMAGES AND DOUBLE COSTS FOR DELAY.

Respondents request this court to award damages and double costs under Minn.R.Civ.App.P. 138. Rule 138 provides:

If an appeal delays proceedings on the judgment of the trial court and appears to have been taken merely for delay, the appellate court may award just damages and single or double costs to the respondent.

For this court to award damages under Rule 138, it must appear apparent that the appeal was taken merely for delay. *Sievert v. LaMarca*, 367 N.W.2d 580, 590 (Minn.Ct.App.1985).

In the present case, appellants have raised two specific legal challenges to the evidentiary rulings of the trial court. Although we find that appellants' arguments have no merit, they have raised sufficient issues to preclude the use of rule 138 sanctions. It does not appear this appeal was taken merely for delay.

## DECISION

The trial court did not abuse its discretion by admitting treatise testimony through an expert witness. The trial court properly found no prejudice to appellants when they failed to move for a continuance upon learning the existence of an allegedly undisclosed witness. There was no abuse of discretion by the trial court in finding the testimony of Debra Nelson relevant. Appellants have raised sufficient issues to preclude the use of rule 138 sanctions.

Affirmed.